BOOTHBY *versus* STANLEY *& al.*

If one party introduce a mutilated paper, the other party is not bound to explain the mutilation.

In a case submitted to the Court, upon the evidence, there appeared to have been a material alteration in a return made by the officer upon one of the legal precepts submitted for consideration. No suggestion was offered, that the alteration was not made by the officer, or that the return, in its altered state, did not conform to the facts; — *Held*, that the presumption was, not that a fraud had been committed, but that the alteration was rightfully made before the signing of the return.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.

PETITION FOR PARTITION. The petitioner claimed title under sale to him of an equity of redemption by an officer upon execution. Whether that title was valid, depended upon the sufficiency of the officer's return on the execution. In relation to the notices of the time and place of the sale, there appeared to be an erasure upon the return. That erasure is described in the opinion of the Court.

The parties agreed that, unless the Court should be of opinion upon the evidence, that the petitioner is entitled to a judgment for partition, he is to become nonsuit.

*Paine,* for the petitioner.

*May,* for the respondent.

HOWARD, J. — The title of the petitioner to the premises claimed originates in a sheriff's sale, on execution, of an equity of redemption of a mortgage, and depends upon the sufficiency of the proceedings of the officer *in* effecting the

sale and conveyance. Unless he complied with the requirements of the statute, in the transaction, the sale was inoperative, and gave to the purchaser neither seizin nor title.

Preparatory to the sale, the statute provides, among other things, that the officer shall cause notifications of the time and place of sale " to be posted up in some public place in the town where the land lies," &c. R. S. c. 94, § 37.

The land in this case lay in the town of Leeds, and the officer's return states, that he gave " public notice of the time and place of sale, by posting up notifications thereof in the said town of Leeds, and also, by posting up notifications thereof in two public places in each of the adjoining towns, of Wayne and Monmouth," &c. ; but does not state that he caused notifications to be posted up in some *public place* in the town of Leeds. This is not in compliance with the requirements of the statute.

The return appears to have been first written so as to read, that the notifications had been posted in *two public places in* said town of Leeds. But the word *two* is altered to *the,* and the words *public places in* are erased, as if by the mark of pen and ink drawn across, with a design to obliterate them. It is not suggested, that the alterations were not made by the officer ; or that the return is not in conformity with the facts. So far as they are traceable, these alterations appear to have been made in the same ink and handwriting with the body of the return. In such cases, fraud cannot be presumed, unless the ordinary rules of presumption of honesty and innocence be disregarded. The alteration of any legal instrument, in the absence of proof, or satisfactory explanation, to the contrary, should be presumed to have been made simultaneously with the instrument, or before its execution. 1 Greenl. Ev. § 564 ; *Gooch* v. *Bryant,* 13 Maine, 386. But if the rule were otherwise, as the return was introduced by the petitioner, the respondent is not called upon to explain any circumstances of suspicion attending it, tending to its impeachment.

We cannot regard the portion thus erased as any part of

the return; and consequently, must hold the notification posted in Leeds to be insufficient, and the sale and deed by the officer to be inoperative. *Franklin Bank* v. *Blossom,* 23 Maine, 546; *Abbott* v. *Sturtevant,* 30 Maine, 40; *Grosvenor* v. *Little,* 7 Greenl. 376.

The sale being void, the petitioner has not shown either legal title, seizin, or possession of the premises, and cannot have partition. R. S. c. 121, § 2, 11; *Marr.* v. *Hobson,* 22 Maine, 321.                    *Petition dismissed.*

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.